F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**JUL 31 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

INTRUST BANK, N.A. of Wichita
Kansas, Conservator of Ian Angus
Upchurch, a minor; GEORGE F.
UPCHURCH; and LORI UPCHURCH,

     Plaintiffs-Appellants,

v.

ROBERT D. OLIVER, M.D.;
ROBERT D. OLIVER, M.D., an
Oklahoma Corporation; and
JANE PHILLIPS EPISCOPAL
HOSPITAL, INC., an OKLAHOMA
CORPORATION,

     Defendants-Appellees.

No. 95-5176

(D.C. No. 93-C-533-B)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before ANDERSON, BALDOCK, and EBEL, Circuit Judges.

Plaintiffs brought this diversity action under 28 U.S.C. § 1332 alleging that

Defendants negligently managed the labor and delivery of Lori Upchurch on July 15,

1986, which resulted in permanent and irreversible brain damage to her son, Ian

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Upchurch. Following a twelve day trial, the jury returned a verdict in favor of Defendants. The district court subsequently denied Plaintiffs' motion for a new trial. Fed. R. Civ. P. 59. Plaintiffs now appeal from the unfavorable jury verdict on their medical malpractice claim arguing the district court denied them a fair trial. Plaintiffs proffer eight reasons why we should overturn the jury's verdict and award them a new trial. According to Plaintiffs, the district court improperly (1) placed time restrictions on the presentation of their case; (2) failed to address juror bias; (3) permitted defense counsel to make prejudicial remarks in opening and closing arguments; (4) allowed defense counsel to introduce inadmissible evidence during trial; (5) engaged in conduct demonstrating bias; (6) failed to strike defense testimony in violation of its sequestration order; (7) refused to amend the pretrial conference order to conform to the evidence; and (8) refused to instruct the jury on the issue of informed consent. Our jurisdiction to review Plaintiffs' claims arises under 28 U.S.C. § 1291.

We have reviewed the parties' briefs and the record before us, and carefully considered each of Plaintiffs' arguments. Because we find nothing in the record which constitutes reversible error, we affirm the judgment of the district court.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge

2